UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

Reginald High,

Plaintiff,

vs.

Virakcheath Hing, individually and in his official capacity; John Does I to IV, individually and in their official capacities; and Ramsey County.

Defendants.

Court File No. 01-CV-2355 MJD/JGL

**STIPULATION AND PROTECTIVE ORDER**

TO: Defendant Virakcheath Hing and his attorneys, Thomas E. McEllistrem, Esq., Garth G. Gavenda, Esq., Collins, Buckley, Sauntry & Haugh, PLLP, 332 Minnesota Street, St. Paul, MN 55101-1379; and defendants John Does and Ramsey County and their attorneys, Thomas Ring, Assistant Ramsey County Attorney, 50 West Kellogg Boulevard, #560, St. Paul, MN 55102.

WHEREAS, Plaintiff has served upon Defendants discovery which calls for the production of data which is classified as private pursuant to Minn. Stat. § 13.43; and

WHEREAS, Defendants will provide private or confidential data in answer to Plaintiff's discovery only under the protection afforded by an order from the Court.

**STIPULATION**

Now, therefore, it is hereby stipulated to and agreed by the undersigned parties to the above-entitled action, the ("Action"), acting through their attorney's, that:

1. Defendants will make available to Plaintiff's attorneys for their inspection and copying documents responsive to document requests made herein by Plaintiff to which either Defendant has objected on the basis that said requests called for

FILED 9-26-02
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

documents protected from disclosure by statute, rule or regulation. Any party claiming a document is protected from disclosure by privilege or the work product doctrine will supply opposing counsel with a privilege log stating the objection and describing the nature of the document not produced sufficiently to enable other parties to assess applicability of the privilege.

2. In connection therewith, the parties stipulate and agree that an order may be entered by the above-named court requiring the production of these documents under the following terms and conditions:

a. The documents to be produced in response to this order shall be considered "Confidential Materials" under the terms of the Stipulation and Order, and this Stipulation and Order shall govern the examination and use of such documents.

b. Confidential Materials and information derived there from shall be disclosed to and used by only "Qualified Persons," as defined in subparagraph d. below. The Confidential Materials shall not be disclosed to the plaintiff or to any other person unless and until otherwise agreed by the defendants or by the Court hearing the action. It is expressly understood that the plaintiff may not use Confidential Materials for any purpose or advantage outside the scope of the issues directly addressed by this action.

c. If the counsel for the parties wish to use or inquire about Confidential Materials or information derived there from at any deposition, the portion of the deposition transcript that relates to the Confidential Materials or information derived there from may be designated as "Confidential," and, if so designated, the portion of the deposition transcript so designated shall be treated as Confidential Materials subject to the provisions hereof.

d. Confidential materials (including portions of deposition transcripts that are designated as "Confidential") or information derived

there from may be disclosed or made available by counsel for the parties only to "Qualified Persons" as defined herein. "Qualified Persons" are:

i. The Court (subject to the provisions of subparagraph f hereof);

ii. Counsel to the parties to the action and the paralegal, clerical, secretarial staff employed by such counsel and expert witnesses and their staff retained by the parties;

iii. Court reporters employed in connection with any deposition in the action; and

iv. Any other person that the parties agree to in writing.

e. Confidential Materials or information derived there from shall not be disclosed by any Qualified Person to any other person or persons, except as provided in subparagraph g hereof.

f. If Confidential Materials (including portions of deposition transcripts) or information derived there from are to be included in any papers to be filed in the Court, such papers shall be labeled "Confidential," filed under seal, and kept under seal until further order of the Court.

g. Nothing contained in the Stipulation and Order shall preclude a party from showing any Confidential Materials or disclosing information derived there from to any third party witnesses, either during a deposition or a trial, provided that:

i. If such disclosure is at a deposition, only Qualified Persons may be present, except for counsel for the witness;

ii. The actual or potential witness may not be given a copy of any Confidential Materials to take with him or her; and

iii. The actual or potential witness shall be provided a copy of this Stipulation and Order and advised that it is applicable to him or her. Such actual or potential witness and his or her attorney shall be bound by subparagraph b. of the Stipulation and Order requiring that Confidential Materials be held in confidence, and shall not disclose the Confidential Materials nor any information

derived from them to anyone who is not a Qualified Person within the meaning of this Stipulation and Order.

3. In the event that any Confidential Materials or information derived there from are used in court proceedings herein, such documents or information shall not lose their confidential status through such use.

4. Nothing herein shall be construed to affect in any way any party's rights to object to the admissibility of any document, testimony, or other evidence at trial.

5. If Plaintiff receives a subpoena or other court process that arguably calls for the production of Confidential Materials, Plaintiff shall give the Defendants at least ten (10) business days notice before producing any such Confidential Materials.

6. Upon termination of this litigation, counsel for Plaintiff shall return to the Ramsey County Attorney's Office all Confidential Materials and any copies thereof in his possession or in the possession of any person or entity, except for the Court, to whom or to which counsel may have provided any such material.

7. The designation of any document, information, or thing as confidential under this order is for purposes of this protective order only, and shall not be used for the purpose of interpretation of other legal or substantive issues raised in this litigation apart from the application of this order.

Dated: Sept 20, 2002

SUSAN GAERTNER
Ramsey County Attorney

By: [signature]
THOMAS R. RING
Assistant Ramsey County Attorney
Attorney Reg. No. 25082X
Suite 560, RCGC-West
50 West Kellogg Boulevard
St. Paul, MN 55102
(651) 266-3111

Dated: 9/18/2002

GOETZ & ECKLAND P.A

By: [signature]
FREDERICK J. GOETZ
Attorney Reg. No. 185425
2124 Dupont Avenue South
Minneapolis, MN 55405
(612) 874-1552

Dated: 9/24/02

COLLINS, BUCKLEY, SAUNTRY & HAUGH,
P.L.L.P.

By: ______________________
GARTH G. GAVENDA, #0310918
THOMAS E. McELLISTREM #23042X
Attorneys for Defendant Virakcheath Hing
W-110 First National Bank Building
332 Minnesota Street
St. Paul, MN 55101
(651) 227-0611

**IT IS HEREBY ORDERED**, that Defendants shall, pursuant to the foregoing Stipulation of the parties, produce the data and files therein referenced, subject to the terms of the Stipulation relating to the use of said data and files.

Dated: Sept.

______________________
Magistrate Judge Jonathan G. Lebedoff

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.